WMN:AH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    -against-

KEVIN DONALDSON,

           Defendant.

- - - - - - - - - - - - - - - X

M-10-500

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

    JEFFREY BOLETTIERI, being duly sworn, deposes and says that he is a Task Force Officer assigned to the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between January 2006 and April 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEVIN DONALDSON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    (Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. I have been a Deputy Sheriff Investigator with the Suffolk County Sheriff's Office for approximately sixteen years and for approximately five years, have been cross-designated as a Task Force Officer with the DEA on Long Island. During my tenure with the DEA, I have participated in numerous investigations during the course of which I have conducted physical and electronic surveillance, deployed confidential informants, executed search warrants, and analyzed drug records. I have also debriefed numerous narcotics traffickers, confidential sources and cooperating witnesses. I have been trained in various aspects of law enforcement, including the investigation of narcotics trafficking offenses. As a result of my education, training and experience, I am familiar with practices of narcotics traffickers, the manner in which illegal drugs are distributed, the method of payment for such drugs, and the efforts of persons involved in such activity to avoid detection by law enforcement.

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest KEVIN DONALDSON, as described in greater detail below, I have not set forth every fact learned during the course of this investigation.

**BACKGROUND**

2. I have personally participated in this investigation, by, among other things, conferring with other law enforcement agents involved in the investigation, conducting surveillance, debriefing confidential sources, and reviewing information provided to me by other agents.

3. The facts set forth in this affidavit are based on personal knowledge and observations, discussions with and information provided by confidential informants and witnesses, surveillance, review of the case file, and conversations with other law enforcement officers working with me on this investigation.

4. Throughout this affidavit, my beliefs are expressly stated. These beliefs constitute the opinion of your deponent, based on both my experience and training in investigating narcotics trafficking as well as my overall knowledge of and involvement in this investigation, as set forth in more detail above.

**Information from CW#1**

5. CW#1 is a cooperating witness ("CW"), who is willing to testify and whose information has proven to be reliable in the past and has been corroborated by independent

evidence.[2/] Information provided by CW#1 specifically with respect to KEVIN DONALDSON is corroborated by information obtained from CW#2 and CW#3, as detailed below, as well as other independent evidence. Additional information provided by CW#1 with respect to other illegal activity is corroborated by, among other things, consensual recordings and consensually-monitored calls.

6. CW#1 has advised, in sum and substance, that during the time period from approximately January 2006 through April 2008, KEVIN DONALDSON and CW#1 together purchased cocaine from CW#2 for further distribution.

7. CW#1 further advised, in sum and substance, that he/she and DONALDSON traveled to California for the purpose of arranging purchases and deliveries of cocaine. According to CW#1, CW#1 and DONALDSON would meet with a supplier, identified as CW#2 below, in California for the purpose of obtaining cocaine. The cocaine would then be packaged and sent via parcel delivery services to locations in Staten Island, New York. Once the cocaine was received and sold in the New York area, CW#1 and DONALDSON would send part of the profits back to California via

---

[2] The description herein of CW#1's information is based on debriefings of CW#1. CW#1 pled guilty to his role in the conspiracy pursuant to a cooperation agreement.

4

money couriers for the purpose of purchasing additional cocaine for distribution.

8. CW#1 advised, in sum and substance, that, among other things, KEVIN DONALDSON was often present at meetings with CW#2 in California, was often responsible for arranging the delivery locations in Staten Island and, on at least one occasion, DONALDSON accompanied a money courier who traveled to California so that DONALDSON could oversee the delivery of narcotics proceeds to CW#2 to facilitate additional purchases of cocaine.

9. CW#1 advised, in sum and substance, that from approximately January 2006 through April 2008, DONALDSON and CW#1 together obtained and possessed approximately 700 kilograms of cocaine for further distribution.

10. CW#1 further advised, in sum and substance, that DONALDSON ceased purchasing cocaine from CW#2 in approximately April 2008 because of a disagreement that occured bewteen DONALDSON and CW#2.

11. CW#1 identified a particular house located in Brooklyn, New York, as being owned by KEVIN DONALDSON ("DONALDSON House"). Public records associated with the DONALDSON House confirm that KEVIN DONALDSON is the owner of the DONALDSON House. CW#1 also provided information that he/she and DONALDSON were

5

arrested together in Springfield, Massachusetts in 1995 for selling cocaine. A criminal history check confirmed the CW#1's information about the arrest, and provided me information about the identity of KEVIN DONALDSON.

### Information from CW#2

12. CW#2 is a cooperating witness, who is willing to testify and whose information has been corroborated by independent evidence.[3] Information provided by CW#2 specifically with respect to KEVIN DONALDSON is corroborated by information obtained from CW#1 and CW#3, as detailed herein, as well as other independent evidence.

13. CW#2 advised, in sum and substance, that CW#2 began providing kilogram quantities of cocaine to CW#1 and KEVIN DONALDSON, who were working together, in approximately 2004.

### Information from CW#3

14. CW#3 is a cooperating witness who is willing to testify and whose information has been corroborated by independent evidence.[4] Information provided by CW#3 specifically with respect to KEVIN DONALDSON is corroborated by information

---

[3] The description herein of CW#2's information is based on debriefings of CW#2. CW#2 has pled guilty to his role in the conspiracy pursuant to a cooperation agreement.

[4] The description herein of CW#3's information is based on debriefings of CW#3. CW#3 has pled guilty to his role in the conspiracy pursuant to a cooperation agreement.

6

obtained from CW#1 and CW#2, as detailed herein, as well as other independent evidence.

15. CW#3 advised, in sum and substance, that he/she met "Kevin," later identified by agents as KEVIN DONALDSON, in 2005 or 2006, at which time DONALDSON asked CW#3 if CW#3 could supply him with cocaine. CW#3 subsequently began supplying DONALDSON with cocaine by delivering the cocaine to CW#2's residence, at which time DONALDSON would inspect the cocaine to make sure that he was satisfied with the supply. CW#3 further advised that he/she understood DONALDSON and CW#1 to be partners and that the cocaine he/she delivered to CW#2's residence jointly belonged to DONALDSON and CW#1. CW#3 advised, in sum and substance, that in the years 2005 and 2006, he/she supplied DONALDSON with kilogram quantities of cocaine at CW#2's residence on at least seven occasions.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for defendant KEVIN DONALDSON so that he may be dealt with according to law.

Based on the nature of this application, I respectfully request that this affidavit and the accompanying arrest warrant be issued under seal until further order of this Court to prevent

the destruction and/or concealment of evidence and/or the flight of KEVIN DONALDSON.

Dated:     Brooklyn, New York
           4/30/    , 2010

                                    _____
                                    JEFFREY BOLETTIERI
                                    Task Force Officer
                                    Drug Enforcement Administration

Sworn to before me on this
30 day of AP  2010.

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK